# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARCOS ANTONIO REYES LOPEZ,**

    **Petitioner,**

  **v.**           **Case No. 26-CV-725**

**DALE J. SCHMIDT,**[1]
  *Dodge County Sheriff,*

    **Respondent.**

---

## ORDER TO SHOW CAUSE

---

On April 24, 2026, Marcos Antonio Reyes Lopez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Reyes Lopez is a citizen of Venezuela who is currently detained in this district at the Dodge County Jail. (*Id.*, ¶¶ 9, 16.) The Department of Homeland Security (DHS) arrested him at a routine check-in appointment on January 15, 2026, and placed him in mandatory detention. (*Id.*, ¶¶ 27, 30.)

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Reyes Lopez is in custody at the Dodge County Jail. The official ultimately in charge of that facility is the Dodge County Sheriff, Dale J. Schmidt. The Clerk of Court shall terminate all other persons and federal entities identified as respondents.

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## 1. Background

According to the petition, Reyes Lopez has resided in the United States since December 20, 2023 and has no criminal history. (ECF No. 1, ¶¶ 22, 25.) Upon his arrival in Texas, he expressed a fear of return and was issued a "Notice to Appear" before an immigration judge in Chicago on October 20, 2027. (*Id.*, ¶ 23; *see also* ECF No. 1-2 (copy of Notice to Appear, dated 12/23/2023).) Reyes Lopez subsequently secured legal permission to work and maintained employment in Illinois up until the date of his detention. (*Id.*, ¶ 24.)

DHS has charged Reyes Lopez with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (ECF No. 1, ¶ 28.) He is represented by counsel and has applied for asylum, withholding of removal, and relief under the Convention Against Torture. (*Id.*, ¶ 25.) DHS moved to pretermit his applications for relief based on the Asylum Cooperative Agreement with

Ecuador. (*Id.*, ¶ 29.) On March 10, 2026, an immigration judge granted DHS's motion and ordered Reyes Lopez be removed to Ecuador. (*Id.*) Reyes Lopez filed an appeal of the immigration judge's decision with the Board of Immigration Appeals, which is pending. (*Id.*; *see also* ECF No. 1-3 (copy of Form EOIR 26, Notice of Appeal with Addendum).)

Reyes Lopez argues that the government has violated the Immigration and Nationality Act (INA) by applying the mandatory detention provision (8 U.S.C. § 1225(b)(2)) to noncitizens like him who have been residing in the United States for years prior to being apprehended and placed in removal proceedings. (ECF No. 1, ¶¶ 52, 80–82.) He acknowledges that DHS authorized this practice in a new policy issued on July 8, 2025, and that the Board of Immigration Appeals has upheld this position. (*Id.*, ¶¶ 44–46.) He maintains there are no administrative remedies that he could exhaust before seeking habeas relief. (*Id.*, ¶ 33.) He also alleges that his continued detention without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process. (*Id.*, ¶ 7, 83–86.) He submits that, because ICE has placed him in mandatory detention, he faces the prospect of months, or even years, in immigration custody while the matter of removal is decided without ever receiving an individualized bond hearing. (*Id.*, ¶ 30.)

Accordingly, Reyes Lopez requests that he be released or, in the alternative, be provided with a bond hearing, pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 23.)

### 2. Analysis

A habeas petition under 28 U.S.C. § 2241 can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

This petition adds to a long line of cases across the country that have challenged DHS's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. *Compare Rojas v. Olson*, No. 25-CV-1437-BHL, 2025 WL 3033967, at *5–10 (E.D. Wis. Oct. 30, 2025) (concluding that ICE's interpretation does not violate the INA and denying the habeas petition), *with*, *Alonso v. Olson*, No. 25-CV-1660-LA, 2025 WL 3240928, at *3 (E.D. Wis. Nov. 20, 2025) (granting petition and ordering that noncitizen be given a bond reconsideration hearing); *see also Mejias v. Schmidt*, Case No. 25-CV-1998-WED, ECF No. 17 (E.D. Wis. Jan. 27, 2026) (granting habeas petition).) Having reviewed Reyes Lopez's filings and the legal landscape, the court cannot say that the petition is subject to summary dismissal.

Because it does not appear from the face of the petition that Reyes Lopez is not entitled to relief under § 2241, the court will order the respondent to show cause why the writ should not be issued. *See* 28 U.S.C. § 2243 (requiring a court to "issue an order

directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto").

Section 2243 requires the respondent to show cause within three days. However, the Rules Governing Section 2254 Cases, which have "the force of a superseding statute," afford the court wide discretion in setting a schedule for the resolution of the petition. *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1994). The court concludes that seven days is appropriate.

## 3. Conclusion

**IT IS THEREFORE ORDERED** that all individuals and entities named as respondents by the petitioner, aside from Sheriff Dale J. Schmidt, are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve the respondent with a copy of the petition and this order.

**IT IS FURTHER ORDERED** that within **seven days** of the date of this order the respondent shall answer the petition and show cause why the writ should not be issued. The petitioner shall reply no later than **three days** thereafter.

Dated at Milwaukee, Wisconsin this 28th day of April, 2026.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge